IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SMP Investments, LLC, | Civil Action No.: 2:11-1374-CWH-BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| | **OF MAGISTRATE JUDGE** |
| Rodney Foxe, | |
| Defendant. | |

This matter is before the Court on the plaintiff's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. [Doc 70.] The plaintiff has pled claims for Breach of Contract, Breach of Contract Accompanied by a Fraudulent Act, Fraud, Conversion, and Unfair and Deceptive Trade Practices Act, S.C. Code § 39-5-10 *et seq*. The plaintiff has settled its case against former Defendants Enterprise International, Inc., Reggie Lewis, and Kyle Rose. [Docs. 42, 62.] This motion for summary judgment is as against Defendant Rodney Foxe only.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters involving litigation by individuals proceeding *pro se* are referred to a United States Magistrate Judge for consideration. Defendant Dearyl W. Morrie, Jr., is *pro se.*

## FACTUAL BACKGROUND

The plaintiff is in the business of investing in concert promotions. (Amend. Compl. 13.) The defendants are allegedly in the business of scheduling and booking music artists for concerts, tours, and promotions. *Id.* ¶ 12. Specifically, former Defendant Reggie Lewis is a concert promoter who agreed to partner with the plaintiff for a May 2011 concert in Charleston, SC. *Id.* ¶ 16. Former Defendants Enterprise International and Kyle Rose offered to help secure hip hop artists, Nicki Minaj, Rick Ross, T Pain, and DJ Khalid. *Id.* ¶¶ 24, 25.

It is alleged that Defendant Rodney Foxe held himself out as a representative and booking agent of such artists. As will be discussed, an agreement exists, which purports to be between the plaintiff and some representative of the artists in question. (Pl. Ex. 1 at 8-9.)

Ultimately, only Rick Ross and DJ Khalid performed and in Florence, SC, not Charleston. *Id.* ¶ 31.

The plaintiff contends that it wired some $150,000 to the defendants, at least $112,200 was never returned by Defendant Foxe.

## **APPLICABLE LAW**

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1).

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has

been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## **DISCUSSION**

As an initial matter, the plaintiff contends that Defendant Foxe has admitted all the matters posed in its Request to Admit, served August 15, 2012, (Pl. Ex. 1), such that summary judgment is appropriate. The plaintiff complains that no response was ever made by the defendant to its discovery. No motion to compel such admissions, however, was filed and the time for doing so has long since passed. *See* Local Rule 37.01 DSC. The Court would not impose the harsh result that all such requests should be admitted. Accordingly, the plaintiff's motion will be viewed based on the evidence of record.

Without the use of any such admissions, the plaintiff makes two arguments in contract law. First, the plaintiff appears to imply in its initial motion, without stating, that it directly entered into a contract with Defendant Rodney Foxe for the tender of certain musical acts. (Mem. Supp. Summ. J. At 3.) The plaintiff, however, never argues explicitly that it has an enforceable contract with Foxe. *See generally id.* To that point, and alternatively in reply, the plaintiff contends that it actually means to enforce an alleged contract between Defendant Kyle Rose and Defendant Rodney Foxe to furnish the musical acts, even though it was a non-party to that agreement. (Pl. Reply at 2.) In the Court's estimation, both arguments fail for continuing issues of material fact.

The elements required for formation of a contract are an offer, acceptance, and valuable consideration. *Sauner v. Pub. Serv. Auth. of S.C.*, 581 S.E.2d 161, 166 (2003). In order for a contract to arise, there must be a meeting of the minds of the parties involved with regard to all essential and material terms of the agreement. *Player v. Chandler*, 382 S.E.2d 891, 893 (1989) ("[I]n order to have a valid and enforceable contract, there must be a meeting of the minds between the parties with regard to all essential and material terms of the agreement."); *Rushing v. McKinney*, 370 S.C. 280, 290, 633 S.E.2d 917, 922 (S.C. Ct. App.2006) (holding that for a contract to arise, there must be a meeting of the minds of the parties involved).

Generally, a third person not in privity of contract with the contracting parties does not have a right to enforce the contract. *Goode v. St. Stephens United Methodist Church*, 494 S.E.2d 827, 833 (S.C. Ct. App.1997). Critically, however, "if a contract is made for the benefit of a third person, that person may enforce the contract if the contracting parties intended to create a direct, rather than an incidental or consequential, benefit to such third person." *Bob Hammond Constr. Co. v. Banks Constr. Co.*, 440 S.E.2d 890, 891 (S.C. Ct. App.1994).

There is only one agreement in the record. (Pl. Ex. 1 at 8-9.) And, it is generous to describe that agreement as merely confusing. The header of the agreement identifies an "Enterprise International, Inc." (Pl. Ex. 1 at 8.) The preamble of the agreement states that it is made "between BD touring . . . and Mike Platt d/b/a SMP Investment c/o Reggie Lewis . . . ." *Id*. The printed signatories to the Agreement, however, include " Mike Platt d/b/a SMP Investment c/o Reggie Lewis" and "Nicki Minaj, Rick Ross, T Pain, and DJ Khalid." *Id*. at 9. While the undersigned can largely make out the signature of "Mike Platt," the signature over "Nicki Minaj, Rick Ross, T Pain, and DJ Khalid" is essentially illegible. *Id*.

The plaintiff has submitted the Declaration of Defendant Kyle Rose. [Doc. 49-1.] Rose declares that Defendant Foxe is the actual signatory to the agreement. [Doc. 49-1 ¶ 10.] The Declaration does not, however, indicate what personal knowledge Rose has to

4

attest to the signature. Nor does the declaration indicate that Rose was present at the time of signing.

Defendant Foxe denies having any sort of contractual agreement with the plaintiff. And, notwithstanding the above evidence, the plaintiff itself does not make any serious argument that it had a contract with Defendant Foxe. (Compare Pl. Reply at 2 with Pl. Mem. Supp. Mot. Summ. J. At 3.)  Indeed, in the plaintiff's entire initial memorandum, it never makes the argument that it is entitled to monies pursuant to a contract.  Rather, on reply and for the first time, it argues that there is evidence of an agreement between Defendants *Rose* and Foxe, to which the plaintiff was a third-party beneficiary.  *Id*.  Of course, the plaintiff has not produced any such agreement – between Rose and Foxe.  And, as discussed, the only evidence of record indicates that the agreement was between the plaintiff and the artists themselves.

It is a somewhat strange condition. Certainly, South Carolina recognizes contractual rights in a third-party, who is intended as a direct beneficiary of a contract. *See Bob Hammond Constr. Co.*, 440 S.E.2d at 891. But, if the plaintiff believes that it had a direct contract with the Defendant Foxe, as the Declaration of Rose and its first memorandum suggest, then resort to this kind of argument would be unnecessary. But, if the plaintiff means to enforce a contract between Rose and Foxe, then it needs some evidence thereof.

The plaintiff has simply not met its Rule 56 burden to remove all issues of fact concerning the contractual arrangements in this case. *See* Fed. R. Civ. P. 56. Issues of fact remain as to the existence of any agreement between the plaintiff and Defendant Foxe and/or between Defendant Rose and Defendant Foxe. If the plaintiff means to seek summary judgment as to its other claims, no arguments have been made.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the plaintiff's motion for summary judgment [Doc. 70], should be DENIED.

IT IS SO RECOMMENDED.

                                                             s/Bruce H. Hendricks
                                                             United States Magistrate Judge

June 18, 2013
Charleston, South Carolina

**The defendant's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).