IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SMP Investments, LLC, | Civil Action No.: 2:11-1374-CWH |
| Plaintiff, | |
| vs. | ORDER |
| Kyle Rose, Enterprise International, Inc., Rodney Foxe, and Reggie Lewis, | |
| Defendants. | |

This matter is before the Court upon the report and recommendation ("R&R") of United States Magistrate Judge Bruce Howe Hendricks recommending that the plaintiff's motion for summary judgment be denied. For the reasons set forth in this order, the Court adopts the R&R, denies the plaintiff's motion for summary judgment, and remands the case for further proceedings.

## I. BACKGROUND

SMP Investments, LLC ("the plaintiff") initially brought this action against Kyle Rose, Enterprise International, Inc., Rodney Foxe, and Reggie Lewis, advancing claims for breach of contract, breach of contract accompanied by a fraudulent act, fraud, conversion, and violation of the South Carolina Unfair and Deceptive Trade Practices Act, S.C. Code §§ 39-5-10 et seq. The plaintiff entered into settlement agreements with the defendants Enterprise International, Inc., Reggie Lewis, and Kyle Rose (the "former defendants"). (ECF Nos. 42 & 62). Thus, the plaintiff's action proceeded solely against Rodney Foxe ("the defendant"), who was pro se. In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings and an R&R.

## II. PROCEDURAL HISTORY

The Court accepts the facts set forth in the R&R and therefore incorporates those allegations herein. The plaintiff alleges that it is in the business of investing in concert promotions. (ECF No. 33, at 3). The plaintiff further alleges that the former defendants, as well as the defendant, are in the business of scheduling and booking music artists for concerts, tours, and promotions. (Id.). The plaintiff alleges that the former defendant Reggie Lewis partnered with the plaintiff for a May 2011 concert at which time the plaintiff wired him one hundred thirty thousand dollars ($130,000.00). (ECF No. 33, at 3). The plaintiff further alleges that the former defendant Reggie Lewis then wired one hundred fifty thousand dollars ($150,000.00) to former defendant Enterprise International to secure rapper Lil Wayne for the May 2011 concert. (ECF No. 33, at 4). However, when it was discovered that Lil Wayne would not perform at the concert, the former defendant Enterprise International offered to schedule a concert featuring hip-hop artists Nicki Minaj, Rick Ross, T Pain, and DJ Khalid (the "artists"). (Id.). At that time, the former defendant Enterprise International refunded twenty-four thousand dollars ($24,000.00) to former defendant Reggie Lewis for its failure to obtain Lil Wayne. (Id.).

The plaintiff alleges that the defendant represented himself as a representative and booking agent of the artists, and that a contract was executed between former defendant Enterprise International and the artists stating that they would perform on May 14, 2011, at the North Charleston Coliseum. (Id.). However, the concert actually took place in Florence, South Carolina, not Charleston, and only Rick Ross and DJ Khalid performed. (Id. at 5). The plaintiff contends that it was never refunded the amount paid to secure Nicki Minaj. (Id. at 4).

After the plaintiff settled its claims against the former defendants, it moved for summary judgment pursuant to Rule 56 against the defendant. (ECF No. 70). In its motion, the plaintiff

implied—yet did not specifically argue—that it had an enforceable contract against the defendant with respect to certain musical acts. The defendant filed a response in opposition thereto (ECF No. 76) and the plaintiff filed a reply (ECF No. 77). On June 18, 2013, Magistrate Judge Bruce Howe Hendricks issued an R&R which thoroughly analyzed the issues and applicable law, and recommended that the plaintiff's motion for summary judgment be denied. (ECF No. 79). In her R&R, the magistrate judge refused to rely on facts set forth in the plaintiff's requests to admit, which had gone unanswered by the pro se defendant. On July 3, 2013, the plaintiff filed objections to the magistrate judge's R&R. (ECF No. 81).

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of fact exists if the evidence presented could lead a reasonable factfinder to return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A court considering a motion for summary judgment must view all facts and draw all reasonable inferences from the evidence before it in a light most favorable to the non-moving party. Id. The party moving for summary judgment "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick Cnty. Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). If the movant carries this burden, then the burden "shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48). "A mere scintilla of evidence supporting the [non-moving party's] case is insufficient" to defeat a motion for summary judgment. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994); see also Anderson, 477 U.S. at 256 (noting that a non-moving party "may not rest upon the mere allegations or



denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial").

## IV. DISCUSSION

This matter is now before the Court for disposition. The magistrate judge makes only a recommendation to this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 271. The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1) (2006). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Mathews, 423 U.S. at 270-71; Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). "[T]he Court may accept, reject, or modify, in whole or in part," the R&R, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

After carefully reviewing the record, the pertinent case law, and the objections to the R&R, this Court adopts the R&R, denies the plaintiff's motion for summary judgment, and remands for further proceedings.

## V. THE PLAINTIFF'S OBJECTIONS

On July 3, 2013, the plaintiff made the following objections to the R&R: (1) that while the defendant is pro se, Rule 36 of the Federal Rules of Civil Procedure provides that failure by the defendant to respond to requests for admissions deems the requests admitted; and (2) that the plaintiff is still entitled to partial summary judgment because it is undisputed that the plaintiff had a contractual agreement with the defendant. Each objection is discussed below.



1. **The defendant's failure to respond to requests for admissions**

In its first objection to the R&R, the plaintiff asserts that the magistrate judge erred by failing to admit the plaintiff's requests for admissions. (ECF No. 81, at 2). The plaintiff contends that it served its first requests for admissions on the defendant on August 15, 2012. (ECF No. 81, at 2). The plaintiff argues that the defendant was required to respond, pursuant to Rule 36 of the Federal Rules of Civil Procedure, but that the defendant failed to do so. (Id.). Specifically in response to the R&R, the plaintiff further argues that it was not required to file a motion to compel for the plaintiff's discovery requests to be admitted. (ECF No. 81, at 3). The plaintiff relies on United States v. Renfrow, 612 F. Supp. 2d 677 (E.D.N.C. 2009), to support its proposition that its requests for admissions should be deemed admitted, and that the magistrate judge should have considered them when making her recommendation to this Court. In Renfrow, the government served three requests for admissions on a pro se defendant and the government filed for summary judgment when the defendant failed to respond to the requests. Id. at 682. The court held that the requests for admissions would be deemed admitted because the defendant had been given sufficient notice by the government of the consequences of failing to respond; in Renfrow, the court noted:

> The Government specifically informed defendant that "these requests may be used for summary judgment" and that the requests "must be answered or properly objected to within 30 days of service or they are deemed admitted, pursuant to the Federal Rules of Civil Procedure."

Id. at 682 (citation omitted).

In addition, the court in Renfrow found that the defendant had "a good general awareness of the requirements of litigation and the Federal Rules of Civil Procedure[,]" and the government had "substantial evidence" to support its claims aside from the information sought to be admitted. 612 F. Supp. 2d at 682-83.

Renfrow is distinguishable from the present case. Unlike in Renfrow, the pro se defendant in the present case was not informed of the dire consequences of failing to respond to the plaintiff's requests for admissions. The plaintiff's requests for admissions included an "instructions" section which merely informed the defendant that "a matter is deemed admitted unless timely answered within thirty (30) days." (ECF No. 70-2, at 2). However, these instructions did not specify any other consequences of failing to respond.

While it is not required that a court provide a pro se party with notice of the consequences of failing to respond, courts have been reluctant to award summary judgment where a pro se party is unaware of such consequences. See Kapusta v. Wings Etc., LLC, No. 2:10-CV-1388-DCN-BM, 2012 WL 714525, at *1 (D.S.C. Jan. 10, 2012) (The court found that only after an order was entered giving the pro se defendant a revised deadline to complete discovery and specifically putting him on notice, was summary judgment granted in favor of the plaintiff.); United States v. Turk, 139 F.R.D. 615, 617 (D. Md. 1991) ("[T]he Court is reluctant to grant summary judgment against a pro se defendant based solely upon his failure to comply with the discovery requirements of the Federal Rules of Civil Procedure.); In re Savage, 303 B.R. 766, 773 (Bkrtcy. D. Md. 2003) ("Federal Rule of Civil Procedure 36 was not intended to be used as a technical weapon to defeat the rights of pro se litigants to have their cases fairly judged on the merits.").

The plaintiff also claims that, as in Renfrow, the defendant has a "good general awareness of the requirements of litigation and the Federal Rules of Civil Procedure." The plaintiff contends that this is demonstrated through the defendant's pleadings, which "indicate his heightened legal savviness." (ECF No. 81, at 5). The plaintiff emphasizes that the defendant's "Answer could be a model pleading, [because it] complies with the civil rules with

exactitude and includes a certificate of service[,]" and that the defendant understood that "he was required to file a motion for an extension of time to respond to [p]laintiff's motion for summary judgment." (Id.).

However, it appears to the Court that the defendant was unaware of the consequences of failing to respond to the plaintiff's requests for admissions, but even assuming, arguendo, that the defendant employed a sufficient awareness of the Rules and litigation requirements, the Court agrees with the magistrate judge's R&R. The Court finds, given the pro se status of the defendant, that the result advocated by the plaintiff imposes a result that is too harsh. Moreover, as the magistrate judge correctly observed in her R&R, the plaintiff never filed a motion to compel such admissions. (ECF No. 79, at 3). Therefore, in considering the plaintiff's motion based on the evidence of record, the magistrate judge correctly refused to admit the plaintiff's requests for admissions.

2. **The plaintiff is entitled to partial summary judgment**

In the plaintiff's second objection, it asserts that it should at least be granted partial summary judgment. The plaintiff claims that it is undisputed that it had a contract with the defendant. However, the Court notes that in the defendant's response to the plaintiff's motion for summary judgment, the defendant states "Defendant never had an agreement written or otherwise [sic] with [the] [p]laintiff regarding any services performed." (ECF No. 76, at 1). Further, as demonstrated by the magistrate judge's extensive analysis in the R&R, it is unclear to the Court whether the plaintiff believes that it had a contract with the defendant, or whether the plaintiff intends, as a third-party beneficiary, to enforce a contract between former defendant Kyle Rose and the defendant. (ECF No. 79, at 5). Accordingly, because the defendant's

statement in his response to the plaintiff's motion for summary judgment is inconsistent with the plaintiff's allegations, the plaintiff's objection is without merit.

## VI. CONCLUSION

The Court has reviewed the entire record and agrees with the magistrate judge's conclusions. For the reasons set forth in this Order, the Court adopts the R&R (ECF No. 79), denies the plaintiff's motion for summary judgment (ECF No. 70), and remands the case for further proceedings.

**AND IT IS SO ORDERED.**

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

September 30, 2013
Charleston, South Carolina